**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3409-16T4
      A-4147-16T4

WILLIAM KAETZ,

  Plaintiff-Appellant,

v.

WELLS FARGO DEALER SERVICES,

  Defendant-Respondent.

_____

> Submitted May 14, 2018 — Decided July 31, 2018
>
> Before Judges Ostrer and Whipple.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Bergen County, Docket No.
> L-6463-15.
>
> William Kaetz, appellant pro se.
>
> Buchanan Ingersoll & Rooney, PC, attorneys for
> respondent (Mark Pfeiffer, of counsel; Patrick
> D. Doran, of counsel and on the brief).

PER CURIAM

  In these back-to-back appeals, plaintiff William Kaetz

appeals from a February 8, 2017 order denying reconsideration and

an April 13, 2017 order denying sanctions.  For the reasons that follow, we affirm in part and reverse and remand in part.

We discern the following essential facts from the record.  In 2014, plaintiff purchased a used car with financing through defendant, Wells Fargo Dealer Services.  The payments were due on the 24th of each month, with a contractual ten-day grace period before the account would be assessed late charges or sent to default.

According to plaintiff, he mailed each payment on the 24th of the month, until the "first payment defendant fraudulently claimed was late, [which] took twelve days for the check to clear the bank."  Defendant lost the subsequent payment, told plaintiff to cancel the check and send a new one, tried to deposit the "lost" check, and then deposited the new check.  Defendant charged plaintiff late fees, and reported late payments to plaintiff's credit report for December 2014.  Defendant asserted plaintiff had submitted other late payments, and was charged other late fees.  Also according to plaintiff, defendant engaged in harassing behavior over the phone and via mail, and "defamed plaintiff's reputation."

Defendant asserts that, pursuant to the loan agreement, the grace period did not preclude late fees for payment received more than ten days after the 24th.  Therefore, since plaintiff was

mailing out the payments on the 24th, the day they were due, each payment that arrived more than ten days late was subject to a late fee.

Plaintiff requested, via phone calls, certified mail, and regular mail, for defendant to refund the late fees and have the reported late payments removed from his credit report. Defendant refused. However, after plaintiff paid off the loan, defendant credited him for the late charges and assessments.

On July 6, 2015, plaintiff filed a complaint alleging: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 to 1692p; (2) violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to 20; (3) violations of the Fair Credit Reporting Act, 15 U.S.C. 1681 to 1681x; and (4) defamation. He sought damages for physical and emotional distress, and sought damages of $1000 per day starting on December 4, 2014, for damages to his credit report and reputation. In August 2015, defendant filed an answer and counterclaim. In June 2016, the trial judge granted discovery motions by both parties to compel discovery.

On October 28, 2016, the parties appeared in the Law Division to argue three motions.[1] After argument, the court reserved

---

[1]  (1) Defendant's August 25, 2016 motion for summary judgment; (2) Plaintiff's August 26, 2016 motion to suppress records; and (3) Plaintiff's September 16, 2016 motion for contempt.

A-3409-16T4

decision and urged the parties to meet and attempt a settlement. The parties agreed and left the courtroom to engage in settlement discussions. They returned the same day, and represented they had reached a resolution. The following exchange took place in court on the record:

> [Defendant]: There will be a final formal written settlement agreement that I've already . . . instructed somebody to start drafting. But it will provide for a $7,500 payment from [defendant] to the plaintiff within 30 days of the execution of the settlement agreement. It will also provide for [defendant] to delete the account on the credit report or to instruct the credit reporting agencies to delete the account. The settlement agreement will provide for a release of [defendant], and its employees, agents . . . .
>
>     . . . .
>
> [Defendant]: It will include a confidentiality provision . . . and it will include a requirement that the plaintiff provide a U.S. IRS Form W-9 to [defendant] prior to receiving the check.
>
> [Court]: Now, do you have that form for him to sign, to fill out and sign?
>
> [Defendant]: We will provide it to him.
>
>     . . . .
>
> [Court]: And, [plaintiff], is that your understanding of the settlement terms?
>
> [Plaintiff]: Yes. Yes, Your Honor.

Plaintiff was sworn in, and confirmed that after a mediated settlement conference with defendant, a settlement agreement was

            A-3409-16T4

reached. He accepted the terms described by defendant, and testified there was nothing else that should be included in the settlement. He stated specifically, "[h]is settlement is exactly what we talked about." The judge marked the case settled.

On November 8, 2016, defendant emailed plaintiff a draft settlement agreement incorporating the terms as discussed with the court. Plaintiff has not included the draft settlement agreement in our record, and defendant asserted both at the trial court and here that it was confidential, but would be provided for in camera review if requested.

After receiving defendant's draft agreement, plaintiff modified the agreement to "chang[e] the credit report aspect by keeping the Account on credit reports and changing all payments to a positive on time standing." After defendant informed plaintiff his desired change was not what was agreed before the judge, on November 23, 2016, plaintiff moved to reopen the case under Rule 4:50, and to enter a default judgment against defendant under Rule 4:32-2. In his motion, plaintiff represented "[a] settlement was signed by plaintiff" and "defendant evaded to agree and sign the agreement."

Defendant opposed plaintiff's motion, and cross-moved to enforce the settlement placed on the record. On December 19,

2016, the trial judge denied plaintiff's motion to reopen the case, finding,

> [t]his matter was settled on October 28, 2016 and the settlement terms were then all placed on the record; there has been no basis presented to turn back the hands of time and force a trial; the [c]ourt is satisfied that the parties understood the terms of the settlement agreement and that it was entered into voluntarily.

By separate order, the judge granted defendant's motion, and ordered that "the settlement reached between the parties on October 28, 2016 on the record, and as expressed in the Draft Settlement Agreement as drafted by the defendant, is binding upon the parties."

On December 29, 2016, plaintiff moved for reconsideration of the denial of his motion to reopen the case. He asserted defendant perpetrated fraud on the court by abusing the discovery process, and this fraud led to an improper judgment. He claimed, without stating specifics, defendant made false statements to the court, and improperly brought the IRS and federal government into the case by requiring plaintiff to sign a tax form. He asserted, without providing the agreement to this court, that the agreement drafted by defendant misrepresented the settlement reached in court. He alleged "[he] believes he told the [c]ourt, off the record, that he will need to read the agreement before accepting

the agreement and there may be some minor adjustments." Lastly, he disagreed with the court's denial of his original motion to hold defendant in contempt.

On January 16, 2017, plaintiff sent a safe harbor letter pursuant to Rule 1:4-8, asserting "the entire defense of the defendant . . . violates the provisions of R. 1:4-8", and defendant "entered into a litigation and continued a litigation knowing that there was no supporting evidence to support a defense." He requested defendant "not oppose plaintiff's action and allow the judicial machinery to render a default judgment against [defendant]." If defendant did not "withdraw all actions within twenty-eight days," plaintiff would file a motion for sanctions. On January 25, 2017, plaintiff sent a second, identical, letter to defense counsel.

On February 8, 2017, the trial judge denied plaintiff's motion for reconsideration and in a written decision, found "[p]laintff did not present any evidence that the [c]ourt overlooked or failed to appreciate in denying his original motion." "Nothing in the record supports [plaintiff's] perception of fraud by defense counsel or by the [c]ourt. . . . [t]he highlighted portions of the October 28, 2016 transcript amply confirm that [p]laintiff understood and willingly accepted the terms of the agreement."

On March 2, 2017, plaintiff moved for sanctions seeking $10,000 for compensation of his litigation time and expenses. On March 30, 2017,[2] plaintiff appealed from the denial of his motion for reconsideration.

On April 13, 2017, the trial judge heard and subsequently denied plaintiff's motion for sanctions, rejecting plaintiff's argument that since defendant had no evidence he did anything wrong they should have just accepted a default judgment against them. Defendant argued the sanctions sought were for discovery violations, the motion was untimely and procedurally defective, and at no point had it acted in a manner which would warrant sanctions.

The judge denied plaintiff's request for compensation for his litigation time and expenses, primarily because he was self-represented and not entitled to fees. On May 30, 2017, plaintiff appealed from the denial of his sanctions motion.

I.

Plaintiff argues the trial judge erred denying his motion to reconsider and reopen the case. The decision on whether to deny a motion for reconsideration is addressed soundly to the trial

---

[2] Defendant asserts that we should dismiss plaintiff's appeal from this order as untimely. However, on June 12, 2017, we granted plaintiff's motion to file his notice of appeal as within time.

judge's discretion. <u>Fusco v. Bd. of Educ. of City of Newark</u>, 349 N.J. Super. 455, 462 (App. Div. 2002); <u>Marinelli v. Mitts & Merrill</u>, 303 N.J. Super. 61, 77 (App. Div. 1997); <u>Cummmings v. Bahr</u>, 295 N.J. Super. 374, 389 (App. Div. 1996). We reverse only "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." <u>Flagg v. Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002) (citation omitted). In addition to the deferential standard, we note plaintiff's arguments were not raised before the trial court, and as such we review under the "plain error standard," which looks at whether an error is "clearly capable of producing an unjust result." <u>R.</u> 2:10-2.

Reconsideration is only appropriate in a case in which either "(1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." <u>Fusco</u>, 349 N.J. Super. at 462 (citations omitted).

It appears from the record the trial judge did not review the draft settlement agreement prior to determining it was binding on the parties. Defendant asserted it was confidential but would be provided to the court for in camera review if requested. There is no record such a review was undertaken by the trial judge.

9                                                                    A-3409-16T4

Although defendant asserts the draft settlement agreement comported with the terms placed on the record, and even though both parties assert they have signed an agreement, we cannot determine exactly what agreement was signed, if any. Thus, we cannot know whether either party altered any term, and as such, it was both an abuse of discretion and clearly capable of producing an unjust result for the court to order the draft agreement was binding on the parties.

We also reject plaintiff's argument the settlement was not enforceable by the court because defendant altered the settlement. Without the actual agreement, it is impossible to know. However, the record demonstrates after defendant emailed plaintiff a draft of the settlement agreement, plaintiff attempted to alter the terms to require defendant to change the agreement to require defendant to report to the agency that plaintiff had made all payments on time.

Because the court did not review the draft settlement agreement, we reverse the February 8, 2017 order limited to the trial court's refusal to reconsider the portion of the December 19, 2016 order making the draft settlement agreement binding. We remand for trial judge to review the written agreement. We affirm the portion of the order declining to reconsider the settlement

A-3409-16T4

agreement as placed on the record, and declining to reopen the case.

II.

Plaintiff also appeals the trial court's denial of his motion for sanctions against defendant. We review a determination brought pursuant to Rule 1:4-8 under the abuse of discretion standard. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009) (citation omitted); In re Estate of Ehrlich, 427 N.J. Super. 64, 76 (App. Div. 2012) (citation omitted). An "abuse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error of judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citation omitted).

The judge correctly found as a pro se litigant, plaintiff was not entitled to fees under the sanctions rule. Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 547 (App. Div. 2009) (emphasis added); see Segal v. Lynch, 211 N.J. 230, 262 (2012). Moreover, plaintiff's motion asserting certain alleged discovery violations is barred under the plain language of Rule 1:4-8(e), which states that the "rule does not apply to disclosures and discovery requests, responses, objections, and discovery motions." The motion was also untimely. Under Rule

11

1:4-8(b)(2), "[a] motion for sanctions shall be filed with the court no later than 20 days following the entry of final judgment."

In sum, because the denial of the sanctions motion was not an abuse of discretion, we affirm the April 13, 2017 order. We affirm the portion of the February 8, 2017 denial of plaintiff's motion for reconsideration to the extent that it upheld the order making the settlement terms placed on the record binding.

However, since the draft settlement agreement was not in evidence we reverse the portion of the February 8, 2017 denial of plaintiff's motion for reconsideration to the extent it upheld the order making the draft settlement agreement as drafted by defendant binding on the parties.

Plaintiff's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-3409-16 is affirmed in part and reversed and remanded in part for further findings consistent with this opinion. A-4147-16 is affirmed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12                                                          A-3409-16T4